UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMY VICTORIA RAMIREZ RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> JAMES GORMAN, et al., <br><br> Defendants. | Civil Action No. 19-9104 (CCC) <br><br><br> OPINION AND ORDER |

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Amy Victoria Ramirez Rodriguez ("Plaintiff") for the appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e) [ECF No. 22]. Plaintiff's Motion is supported by Defendants [ECF No. 29]. For the reasons set forth below, Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 22] is **DENIED**.

Plaintiff initiated this action on February 8, 2019 by filing a Complaint and an application to proceed *in forma pauperis* in the United States District Court for the Southern District of New York. ECF Nos. 1, 2. The Court granted Plaintiff's application to procced *in forma pauperis* on March 14, 2019. ECF No. 4. On March 15, 2019, Plaintiff filed her First Amended Complaint. ECF No. 5. Thereafter, on March 29, 2019, the case was transferred from the Southern District of New York to the District of New Jersey. ECF No. 7.

On June 17, 2019, the Court granted Plaintiff leave to file a Second Amended Complaint. ECF No. 20. Plaintiff filed her Second Amended Complaint on August 8, 2019. ECF No. 36.[1]

---

[1] Contemporaneously with her filing of her Second Amended Complaint, Plaintiff filed a second motion for temporary injunction on August 8, 2019. ECF No. 33. Plaintiff previously filed a motion for temporary injunction on June 26, 2019. ECF No. 21.

Plaintiff—a former employee of Defendant Morgan Stanley—alleges discrimination and retaliation on the basis of her disability and discrimination on the basis of her "race, ethnic origin, and sex" in violation of various statutes including Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq*. ("Title VII"), 42 U.S.C. § 1981, the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), the New York City Human Rights Law ("NYCHRL"), the New Jersey Law Against Discrimination ("NJLAD"), and the Family Medical Leave Act ("FMLA"). *See* ECF No. 36. All Defendants filed a motion to dismiss Plaintiff's Second Amended Complaint on August 26, 2019. ECF No. 43. On December 13, 2019, the Court issued an order granting Plaintiff thirty (30) days to file a Third Amended Complaint to supersede and replace Plaintiff's Second Amended Complaint and administratively denying as moot Defendants' motion to dismiss Plaintiff's Second Amended Complaint. *See* ECF No. 57.

Plaintiff now seeks the appointment of counsel under 28 U.S.C. § 1915(e), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." The appointment of counsel is a privilege, not a statutory or constitutional right. *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011). The decision to appoint pro bono counsel involves a two-step analysis. First, a court must determine, as a threshold matter, whether a plaintiff's claim has "some merit in fact and law." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993). If a court finds that the action arguably has merit, it should then consider the following factors:

(1) the plaintiff's ability to present his or her own case;
(2) the complexity of the legal issues;
(3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigations;
(4) the amount a case is likely to turn on credibility determinations;
(5) whether the case will require the testimony of expert witnesses; and
(6) whether the plaintiff can attain and afford counsel on his own behalf.

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997) (citing *Tabron*, 6 F.3d at 155-56, 157 n.5). This list is not exhaustive, but rather provides guideposts for the Court. *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citations omitted). A court's decision to appoint counsel "must be made on a case-by-case basis." *Tabron*, 6 F.3d at 157-58. Additionally, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Montgomery*, 294 F.3d at 499 (citing *Parham*, 126 F.3d at 458).

Presently, as an initial matter and regardless of whether or not Plaintiff's claims have merit, the factual and legal issues "have not been tested or developed by the general course of litigation, making [a number of factors] of *Parham's* test particularly difficult to evaluate." *See Chatterjee v. Philadelphia Federation of Teachers,* 2000 WL 1022979, at *1 (E.D.Pa. July 18, 2000) (stating that unlike *Parham,* which concerned a directed verdict ruling, and *Tabron,* which involved summary judgment adjudication, plaintiff's claims asserted in the complaint and motions "have barely been articulated" and have a distinctive procedural posture). With respect to the *Tabron* factors, Plaintiff has not demonstrated at this stage of the proceeding that *pro bono* counsel is warranted.

Plaintiff's filings with the Court thus far reflect literacy and the ability to reference relevant legal authority. For example, without the assistance of counsel, Plaintiff has filed a Complaint, an application to proceed *in forma pauperis*, two Amended Complaints, several letters to the Court, and the present motion for the appointment of *pro bono* counsel. These filings themselves demonstrate that Plaintiff is able to present her case. Plaintiff's application for *pro bono* counsel states that she seeks counsel because "an attorney can guide [her] understanding of legal writing, research and procedures" and "pro bono counsel would help [her] translate [her] claims into

arguments developed properly for the Court . . . ." Dkt. No. 22 at p. 3. Defendants agree that "pro bono counsel would relieve a burden on the Court and Defendants as such counsel would provide the necessary legal advice to assist Plaintiff with streamlining her assertion of claims and communications." Dkt. No. 29 at p. 1. However, at this time, Plaintiff only needs to demonstrate that her forthcoming Third Amended Complaint states a claim for relief. Accordingly, despite Defendants' agreement, Plaintiff's arguments are pre-mature at this time.

Plaintiff provides little information relevant to the remaining *Tabron* factors. Upon the Court's own review of this matter, the legal issues presented are not complex, and at this stage in the litigation, the degree to which factual investigations will be necessary, the extent to which the case is likely to turn on credibility determinations, and whether Plaintiff will require expert witnesses is unclear. The Court acknowledges that Plaintiff is of limited financial means and unable to afford her own counsel. While the sixth *Tabron* factor may weigh slightly in Plaintiff's favor, this fact alone is not enough to justify the appointment of counsel. *See Christy v. Robinson*, 216 F. Supp. 2d 398, 411 (D.N.J. 2002) (denying application for pro bono counsel where indigency was the only one of the six factors . . . weigh[ing] in favor of appointment of counsel).

The Court recognizes that issues may arise throughout the course of this litigation which may raise a question as to Plaintiff's need for counsel. The Court will monitor this issue throughout case management and, as the case progresses, may consider a renewed motion for the appointment of counsel. However, at this stage of the litigation, the Court finds that the *Tabron* factors weigh against appointment. In the event that Plaintiff renews her application for *pro bono* counsel in the future, the Court instructs Plaintiff to address the *Tabron* factors set forth above.

The Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown;

**IT IS** on this **8th** day of **January, 2019**,

**ORDERED** that Plaintiff's Motion for the appointment of *pro bono* counsel [ECF No. 22] is **DENIED WITHOUT PREJUDICE**.

      s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**