## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **AMY VICTORIA RAMIREZ RODRIGUEZ,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**MORGAN STANLEY, et al.,**<br><br>            **Defendants.** | **Civil Action No. 19-9104 (CCC)**<br><br>**OPINION AND ORDER** |

**CLARK, Magistrate Judge**

**THIS MATTER** comes before the Court on a Motion by *pro se* Plaintiff Amy Victoria Ramirez Rodriguez ("Plaintiff") for a "Preliminary or Alternatively Temporary Injunction" to compel arbitration of her claims before the Financial Industry Regulatory Authority ("FINRA") [ECF No. 64]. Defendants Morgan Stanley and Morgan Stanley Wealth Management (collectively "Defendants" or "Morgan Stanley") oppose Plaintiff's Motion [ECF Nos. 41, 69].[1] Additionally, before the Court is a Motion by Defendants to dismiss the Third Amended Complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 68]. Plaintiff opposes Defendants' Motion to Dismiss [ECF No. 71]. On October 5, 2020, the parties consented to the jurisdiction of the Undersigned to decide these dispositive motions pursuant to 28 U.S.C. § 636(c). ECF No. 90.

---

[1] Plaintiff previously filed a motion for a "Temporary Injunction" to compel arbitration before FINRA on August 8, 2019. ECF No. 33. Defendants filed their opposition to that motion on August 20, 2019. ECF No. 41. Before the Court reached a decision on the pending motion, Plaintiff was granted leave to file a Third Amended Complaint and Plaintiff's case was administratively terminated until Plaintiff complied with the Court's Order. ECF No. 57. Thus, Plaintiff's previous motion to compel arbitration was terminated. Defendants have asked that the Court consider the arguments set forth in their previous submission in deciding Plaintiff's current motion to compel arbitration as Plaintiff's motion is duplicative of her previous motion. ECF No. 69. Accordingly, the Court will consider the arguments set forth in Defendants' opposition to Plaintiffs' previous motion to compel arbitration [ECF No. 41] in deciding Plaintiff's current motion.

Having considered the parties' written submissions pursuant to Federal Rule of Civil Procedure 78, for good cause shown, and for the reasons set forth herein, Plaintiff's Motion for a "Preliminary or Alternatively Temporary Injunction" to compel arbitration of Plaintiff's claims before FINRA [ECF No. 64] is **DENIED** and Defendants' Motion to Dismiss [ECF No. 68] is **GRANTED**.

## I.     BACKGROUND

On February 8, 2019, Plaintiff initiated this action by filing a Complaint in the Southern District of New York. ECF No. 2. On March 15, 2019, Plaintiff filed an Amended Complaint. ECF No. 5. On March 21, 2019, this case was transferred *sua sponte* to the District of New Jersey. ECF No 6.

Defendants timely moved to dismiss the Amended Complaint on May 13, 2019. ECF No. 12. On June 17, 2019, per the parties' stipulation and Court Order, Defendants withdrew the motion to dismiss and Plaintiff was permitted the opportunity to file a Second Amended Complaint. ECF No. 20.[2] Plaintiff filed her Second Amended Complaint consisting of three-hundred eleven pages on August 8, 2019. ECF No. 36. Defendants filed a motion to dismiss the Second Amended Complaint on August 26, 2019. ECF No. 43.

On December 13, 2019, the Court granted Plaintiff leave to file a Third Amended Complaint compliant with Fed. R. Civ. P. 8(a)(2) insofar as it "must contain all of Plaintiff's factual allegations." ECF No. 57. Plaintiff filed a Third Amended Complaint [ECF No. 60] on January 21, 2020 and a "revised" Third Amended Complaint ("TAC") on January 28, 2020 [ECF No. 61].[3] In the revised Third Amended Complaint, Plaintiff alleges that she was employed by Morgan

---

[2] Plaintiff also agreed to dismiss the individual defendants named in the previous Complaints. ECF No. 20
[3] The Court will consider Plaintiff's "revised" Third Amended Complaint as the operative Complaint in this matter. ECF No. 61. Plaintiff's revised Third Amended Complaint removed references from earlier filings in this case; however, as stated by Plaintiff, these revisions are not material to the Third Amended Complaint. ECF No. 61-2.

Stanley in March of 2015 as a Wealth Advisor Associate, and during her employment faced discrimination and retaliation on the basis of her disability (morbid obesity) and discrimination by Defendants based on "sex, race, and ethnicity" in violation of various federal statutes including 42 U.S.C. § 1981, the Americans with Disability Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Family Medical Leave Act ("FMLA"). *See* TAC, ¶¶ 14-98. Plaintiff also alleges that Defendants violated "Securities Laws." *See* TAC, ¶¶ 99-107.

Additionally, on March 2, 2020, Plaintiff filed a motion for a "Preliminary or Alternatively Temporary Injunction" to compel arbitration of Plaintiff's claims before FINRA. ECF No. 64. Defendants filed a motion to dismiss Plaintiff's Third Amended Complaint on March 11, 2020. ECF No. 68.

## II.   MOTION TO COMPEL ARBITRATION BEFORE FINRA

First, the Court will consider Plaintiff's motion for a "Preliminary or Alternatively Temporary Injunction" to compel arbitration of Plaintiff's claims before FINRA. ECF No. 64. The Court notes that while Plaintiff has styled the motion as one seeking an injunction, the relief Plaintiff is seeking in the motion is to compel Defendants to participate in an arbitration before FINRA of Plaintiff's claims "born of the acts set forth in [her] T.A.C." ECF No. 64-1 at pp. 1-2. The Court will therefore construe Plaintiff's motion as a motion to compel arbitration.

The Federal Arbitration Act ("FAA") reflects the "national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts.'" *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). "The FAA requires courts to stay litigation and compel arbitration of claims covered by a written, enforceable arbitration agreement." *Bacon*, 959 F.3d at 599 (citing FAA, 9 U.S.C. §§ 3, 4). Despite the strong federal policy in favor of arbitration, "[a]rbitration is

strictly a matter of contract" and is governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Accordingly, in deciding whether a party may be compelled to arbitrate, the Court considers "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (quotations and citation omitted).

In determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). "Motions to compel arbitration are reviewed under Rule 12(b)(6) '[w]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint (or . . . documents relied upon in the complaint).'" *Id.* (citation omitted). Conversely, Rule 56 will apply "[i]f the motion to compel arbitration is not based on a complaint 'with the requisite clarity' to establish arbitrability." *Id.* (citation omitted). "Where a complaint does not plead or attach the relevant terms of an arbitration provision, courts apply a summary judgment standard, and should compel arbitration where there is no material issue of fact that 'a valid agreement to arbitrate exists' and 'the particular dispute falls within the scope of that agreement.'" *Ranginwala v. CitiBank, N.A.*, No. 18-14896, 2020 WL 6817508, at *3 (D.N.J. Nov. 19, 2020) (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005)).

Here, the Court will consider Plaintiff's motion to compel arbitration under the summary judgment standard because Plaintiff did not plead or attach the relevant terms of an arbitration agreement as part of her Third Amended Complaint. Fed. R. Civ. P. 56(c). As the Third Amended

Complaint does not make clear that the parties entered into an agreement to arbitrate, summary judgment is the appropriate standard of review.

Plaintiff also does not set forth the source or the terms of the parties' agreement to arbitrate claims before FINRA in her motion to compel arbitration. The only evidence that an agreement to arbitrate exists between the parties is a provision found in Plaintiff's Employment Agreement, which states:

> You agree to arbitrate any dispute, claim or controversy that may arise between you and Morgan Stanley or any person that is required to be arbitrated: (i) under the rules, constitutions, or by-laws (as may be amended from time to time) of any self-regulatory organization with which you are or may become registered, including, but not limited to, the Financial Industry Regulatory Authority ("FINRA") or (ii) pursuant to any arbitration agreement to which you are a party.

*See* ECF 41-1, Declaration of Thomas A. Linthorst dated August 20, 2019 ("August 20, 2019 Linthorst Decl."), Ex. A, at pp. 4-5. As no other arbitration agreement or provision appears before the Court, the Court will assume that this provision is the source of Plaintiff's motion to compel arbitration before FINRA.

Defendants contend that pursuant to the terms of Plaintiff's Employment Agreement the only claims that are required to be arbitrated before FINRA are those disputes that are required to be arbitrated under FINRA rules. ECF No. 41 at p. 5. Under Rule 13201(a) of the FINRA Code of Arbitration Procedure for Industry Disputes, "[a] claim alleging employment discrimination . . . in violation of a statute, is not required to be arbitrated under the Code. Such a claim may be arbitrated only if the parties have agreed to arbitrate it, either before or after the dispute arose." Defendants argue that the parties have not agreed to arbitrate statutory employment discrimination claims before FINRA so there is no basis for this Court to compel arbitration of such claims before FINRA. ECF No. 41 at p. 5.

Plaintiff argues that Defendants have compelled arbitration of statutory employment discrimination claims in other cases. ECF No. 64-1, at pp.7-8; ECF No. 72 at p. 7. Plaintiff relies on *Lockette v. Morgan Stanley*, No. 18-876, 2018 WL 4778920 (S.D.N.Y. Oct. 3, 2018) for this proposition. In *Lockette*, however, the Court was presented with an arbitration agreement found in the defendants' guidebook to their own internal employee dispute resolution program entitled "CARE" (Convenient Access to Resolutions for Employees), which provided registered employees the option of pursuing employment discrimination claims through arbitration by various alternative-dispute-resolution services including FINRA. *Id.* at *1. Here, Plaintiff has not presented evidence that the CARE guidebook applies to her case or that any other arbitration agreement exists between the parties besides the arbitration provision found in Plaintiff's Employment Agreement. Thus, Plaintiff's reliance on *Lockette* is misplaced.

The Court agrees with Defendants that Plaintiff has not demonstrated the existence of an arbitration agreement compelling arbitration before FINRA of her claims found in her Third Amended Complaint. In this case, the sole arbitration provision between Plaintiff and Defendants presented to the Court requires disputes that are required to be arbitrated under FINRA rules be arbitrated before FINRA. Plaintiff is demanding that her claims in the Third Amended Complaint, which consist of allegations of discrimination and retaliation in violation of various federal statutes, be arbitrated pursuant to this arbitration provision. The Court finds, however, FINRA rules do not require that claims alleging employment discrimination in violation of a statute be arbitrated. *See* FINRA Rule 13201(a). Thus, Plaintiff's dispute does not fall within the arbitration provision in Plaintiff's Employment Agreement. Plaintiff has not otherwise demonstrated the existence of a valid arbitration agreement between the parties to arbitrate statutory employment

discrimination claims before FINRA. Accordingly, Plaintiff's motion to compel arbitration of her claims found within the Third Amended Complaint before FINRA is denied.

### III.   MOTION TO DISMISS

Having found that Plaintiff cannot compel arbitration in this matter, the Court will now consider Defendants' Motion to Dismiss pursuant to Rule 12(b)(6). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to dismiss a count for "failure to state a claim upon which relief can be granted[.]" A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" to withstand a motion to dismiss pursuant to Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a complaint, the Court must "accept all factual allegations as true" and draw all reasonable inferences in favor of the plaintiff. *Phillips v. City of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). The Court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions[,] or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007) (citation omitted).

Generally, the Court "cannot consider matters extraneous to the pleadings" in ruling on a motion to dismiss; however, the Court may consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quotations and citation omitted).  This may include any "exhibits attached to the complaint and matters of public record," and any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). For example,

in the context of employment discrimination suits, courts have considered right to sue notices and EEOC charges without converting the motion to one for summary judgment. *See Hilburn v. Dep't of Corr.*, No. 07–6064, 2010 WL 703202, at *12 (D.N.J. Feb.23, 2010). Accordingly, the Court at its discretion will consider similar materials, which are integral to Plaintiff's Third Amended Complaint, without converting the motion to one for summary judgment. *See id.*

Additionally, the Court will construe Plaintiff's pleadings liberally and hold them to a less stringent standard than those filed by attorneys because Plaintiff is proceeding *pro se. Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10–4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Even "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### A.    Plaintiff's ADA and Title VII Claims

First, Defendants contend that Plaintiff's ADA and Title VII claims are time-barred. ECF No. 68-1 at pp. 5-8. Defendants assert that as a prerequisite of filing an ADA or Title VII claim, a plaintiff must timely file an administrative charge with the EEOC within 300 days of the alleged discriminatory act. *Id.* at p. 5. Defendants claim that Plaintiff did not timely file either claim with the EEOC. *Id.* at pp. 6-7. To the best that the Court can discern, Plaintiff appears to argue that her claims are not time-barred because Plaintiff has continued to suffer discrimination and retaliation by Defendants after Plaintiff's employment was terminated and equitable tolling applies to her case. *See* TAC, ¶ 33; ECF No. 71 at pp. 11-21.

"A plaintiff alleging a violation of Title I of the ADA or Title VII of the Civil Rights Act must exhaust the administrative remedies available through the EEOC before bringing either claim in

court." *Barnett v. Rutgers Univ.*, No. 17-2503, 2018 WL 1385664, at *6 (D.N.J. Mar. 16, 2018)

(citing 42 U.S.C. § 2000e–5(e); *see also Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d

Cir. 2006)). Before filing suit in the district court, "Title VII and Title I of the ADA require that a

plaintiff file a 'charge' and receive a 'right to sue' letter from the EEOC." *Barnett*, 2018 WL

1385664, at *6 (citing *Burgh v. Borough Council of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001).

"A plaintiff must file the charge with EEOC 'within 180 days of the alleged unlawful practice, or

within 300 days if filed with a state agency.'" *Barnett*, 2018 WL 1385664, at *6 (citing *Serrano v.

Marcal Paper Mills, LLC*, No. 11–03501, 2012 WL 266424, at *2 (D.N.J. Jan. 30, 2012)).

Here, Plaintiff alleges that her employment with Morgan Stanley was terminated on December

1, 2016 and that she "filed a complaint with the EEOC well within 300 days of learning of the

unlawful acts affecting me." TAC, ¶¶ 25, 33. Plaintiff does not specify in her pleading the date on

which she filed her charge of discrimination with the EEOC nor does she include in her pleading

if, or when, she was issued a right to sue notice from the EEOC. Defendants, however, attached

the right to sue notices issued to Plaintiff by the EEOC to their motion to dismiss, which are dated

February 8, 2019 and June 28, 2019. *See* ECF No. 68-2, Declaration of Thomas A. Linthorst dated

March 11, 2020 ("March 11, 2020 Linthorst Decl."), Exhibits D, G. Since Plaintiff certainly relied

on the right to sue notices in making her ADA and Title VII claims, as such claims require Plaintiff

to comply with pre-suit procedural filings and timeliness requirements, the Court will consider the

right to sue notices in reaching a decision on whether Plaintiff is time-barred from pursuing these

claims in this litigation. *See Hilburn*, 2010 WL 703202, at *12.

In reviewing the right to sue notices, the Court agrees with Defendants that Plaintiff's Title VII

and ADA claims are time-barred. The right to sue notice issued to Plaintiff on February 8, 2019

states that it was issued less than 180 days after a charge was filed. *See* March 11, 2020 Linthorst

Decl., Ex. D. Thus, Plaintiff could not have filed a charge earlier than August 12, 2018. A filing date of August 12, 2018 is well past either 180 or 300 days because the last date of alleged discrimination could not have been later than December 1, 2016 when Plaintiff's employment with Morgan Stanley ended.[4] Similarly, the right to sue notice issued to Plaintiff on June 28, 2019 states that it was issued less than 180 days after a charge was filed. *See* March 11, 2020 Linthorst Decl., Ex. G. Thus, Plaintiff could not have filed her charge earlier than December 30, 2018. Again, this date is well past either 180 or 300 days because the last date of alleged discrimination could not have been later than December 1, 2016 when Plaintiff's employment ended. The Court therefore concludes that Plaintiff's claims are time-barred.

Plaintiff, however, appears to argue that her Title VII and ADA claims are not time-barred under the continuing violation doctrine. Plaintiff alleges the Form U-5[5] filed by Defendants in December 2016 is misleading and is a "repudiation of [her] outcries of wrongful termination." *See* TAC, ¶¶ 31-32, 87(ii)(3). In other words, Plaintiff appears to allege that Defendants' failure to reconsider her complaints concerning the Form U-5 is a continuing adverse employment action. "Mere requests to reconsider, however, cannot extend the limitations periods applicable to the civil rights laws." *Del. State College v. Ricks*, 449 U.S. 250, 261 n.l5 (1980); *see also Daly v. Citigroup Inc.*, 939 F.3d 415, 429 (2d Cir. 2019) (rejecting plaintiff's argument of a continuing violation based on the "filing of a false and defamatory Form U-5" because defendant's conduct constituted a discrete, discriminatory act). Here, Defendants filing of an alleged "misleading" Form U-5 would be a discrete discriminatory act and is therefore insufficient to establish a continuing violation to defer Plaintiff's administrative filing deadlines. As the filing of the Form U-5 took place in

---

[4] Plaintiff had until September 27, 2017 (300 days from her date of termination) to file a charge with the EEOC.
[5] "Under Article V, Section 3 of the FINRA By-Laws, firms are required to file Form U5 no later than 30 days after terminating an associated person's registration." FINRA Regulatory Notice 10-39 (Sept. 2010) (available at https://www.finra.org/rules-guidance/notices/10-39).

December 2016, Plaintiff still fails to meet the timeliness requirements of filing a charge within 180 days or 300 days.

Relatedly, Plaintiff alleges that she is entitled to equitable tolling of her employment discrimination claims. *See* TAC, ¶ 33. "[W]ith respect to equitable tolling, the plaintiff must diligently pursue her rights and show 'that some extraordinary circumstance stood in [her] way.'" *Clarkson v. SEPTA*, 700 F. App'x 111, 114 (3d Cir. 2017) (citation omitted). Here, Plaintiff fails to allege that she diligently pursued her rights and that some extraordinary circumstance stood in her way to prevent her from asserting her rights. Accordingly, the doctrine of equitable tolling does not cure the procedural default of Plaintiff's initial untimely filing with the EEOC. As a result, Plaintiff's Title VII and ADA claims are dismissed.

### B. Plaintiff's Claims Under Section 1981

Next, Defendants contend that Plaintiff's claims under Section 1981 should be dismissed because Plaintiff has not made any plausible allegations of race discrimination. ECF No. 68-1 at pp. 11-13. Defendants argue that Plaintiff has crafted conclusory accusations that are unsupported by any specific factual allegations. *Id.* at pp. 12-13.

Section 1981 provides that

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). "In order to state a claim under § 1981, a plaintiff 'must allege facts in support of the following elements: (1) [that plaintiff] is a member of a racial minority; (2) intent to discriminate on the basis of race by the defendant; and (3) discrimination concerning one or more

of the activities enumerated in the statute[,] which includes the right to make and enforce contracts

. . . .'" *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001) (citations omitted).

The Court agrees with Defendants that Plaintiff has failed to allege facts to state a claim under Section 1981. While Plaintiff makes allegations that she received unequal treatment when compared to white employees,[6] Plaintiff does not include factual allegations that the Defendants intended to discriminate on the basis of race or that the discrimination concerned one of the activities enumerated in the statute. The Third Amended Complaint is therefore devoid of facts to substantiate a claim under Section 1981. "[M]ere awareness [of the plaintiff's race], particularly in light of the conclusory nature of [the plaintiff's] other allegations, is patently insufficient to raise an inference of discrimination under § 1981." *Holmes v. Fed Ex*, 556 F. App'x 150, 151 (3d Cir. 2014). Accordingly, Plaintiff's claims under Section 1981 are dismissed.

### C. Plaintiff's FMLA Claims

Defendants argue that Plaintiff's FMLA claims must be dismissed because they are time-barred. ECF No. 68-1 at p. 14. Defendants assert that claims asserted under the FMLA are subject to a two-year statute of limitations and that Plaintiff failed to timely file her FMLA claims. *Id.* Defendants also contend that Plaintiff has failed to plead allegations to support any type of claim under the FMLA. *Id.* at p. 14, n.6, 8.

"The default statute of limitations under the FMLA is two years." *Plitsas v. Fed. Exp., Inc.*, No. 07-5439, 2010 WL 1644056, at *5 (D.N.J. Apr. 22, 2010) (citing 29 U.S.C. § 2617(c)(1)). "However, if the employer commits a 'willful' violation of the FMLA, then the statute of

---

[6] Plaintiff makes references to "race" and "Black, Hispanic Wealth Advisor Associates" [TAC, ¶¶ 29, 32(g)-(h), 73-74], but Plaintiff has not specifically pled that she is member of a racial minority. To the best the Court can discern, Plaintiff is alleging that she is Black and Hispanic.

limitations is extended to three years." *Hudson v. Indep. Blue Cross*, LLC, No. 18-3631, 2019 WL 1045303, at \*2 (E.D. Pa. Mar. 5, 2019) (citing 29 U.S.C. § 2617(c)(2)).

The Court agrees with Defendants that Plaintiff's claims are time-barred under the default statute of limitations. Here, Plaintiff could not have been entitled to benefits under the FMLA after her employment with Morgan Stanley was terminated on December 1, 2016. Thus, under the default statute of limitations, the Court finds that Plaintiff's FMLA claims are time-barred.[7]

The question before the Court now becomes whether Plaintiff has sufficiently pled a "willful" violation of the FMLA. Defendants argue that Plaintiff has not alleged a willful violation or pled facts supporting such an allegation. ECF No. 68-1 at p. 14, n.6. Defendants also state that Plaintiff has failed to meet any elements of an FMLA claim because Plaintiff never alleges that she was denied FMLA leave. *Id.* at p. 14, n.8.

"There are two types of claims an employee can bring against an employer under the FMLA: (1) interference claims . . . pursuant to 29 U.S.C. § 2615(a)(1); and (2) retaliation claims . . . pursuant to 29 U.S.C. § 2615(a)(2)." *Taylor v. Jackson*, No. 19-16815, 2019 WL 5569070, at \*2 (D.N.J. Oct. 29, 2019) (quotations and citation omitted). "To state a claim of interference under [the FMLA], an 'employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them." *Id.* (quotations and citations omitted). "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. U. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-

---

[7] Plaintiff first raises claims for violations of the FMLA in her Second Amended Complaint [ECF No. 36]; however, even if the Court construes Plaintiff's FMLA claims as relating back to the date of her initial filing in this action of February 8, 2019, this date still falls outside the two-year default of statute of limitations under the FMLA.

02 (3d Cir. 2012). "To invoke rights under the FMLA, employees must provide adequate notice to their employer about their need to take leave." *Id.* at 303 (citing 29 U.S.C. § 2612(e)(2)).

With respect to willful violations of the FMLA, "[t]he FMLA does not define 'willfulness,' but courts in this circuit have found that willfulness requires a plaintiff to show that his or her 'employer either knew or showed a reckless disregard for the matter of which its conduct was prohibited.'" *Hudson*, 2019 WL 1045303, at *2 (citations omitted). In the context of a motion to dismiss, courts in this circuit have taken a less stringent approach in assessing whether an alleged FMLA violation is willful. *See id.* at *3.

Even under a liberal reading of the Third Amended Complaint, the Court finds that Plaintiff has not pled a willful violation of the FMLA, nor has Plaintiff alleged the elements essential to an FMLA claim. To the best the Court can discern, with respect to her FMLA claims, Plaintiff alleges that Defendants failed to consider alternate positions for Plaintiff and failed to engage in a dialogue regarding her surgery. *See* TAC, ¶¶ 88-95. For example, Plaintiff alleges that Defendants "never exercised an option to transfer [her] temporarily to an available alternative position . . . or a position that better accommodates recurring periods of leave." *See* TAC, ¶ 89. Plaintiff also alleges that Defendants did not engage in an "interactive dialogue to discuss [her] surgery" and that Defendants "terminated [her] for inquiring about the status of [her] requests for interactive dialogue regarding surgery and for inquiring into how [her] surgery would change the schedule of the bonus compensation." *See* TAC, ¶¶ 91-92.

Plaintiff, however, does not allege that Defendants denied her FMLA leave or any other benefit under the FMLA, or that she invoked her rights under the FMLA and as a result suffered an adverse employment decision. Plaintiff also fails to include allegations that any such denial of benefits or adverse employment decisions were "willful" or that Defendants showed any type of reckless

disregard. Indeed, Plaintiff fails to set forth any allegations to support either an interference claim or retaliation claim under the FMLA let alone a "willful" violation of the FMLA. Accordingly, Plaintiff's claims under the FMLA are dismissed.[8]

### D. Plaintiff's "Securities Laws" Claims

Finally, Defendants argue that Plaintiff fails as a matter of law to state claims under "Securities Laws." ECF No. 68-1 at p. 15. It appears to the Court that Plaintiff alleges that she has a claim against Defendants for retaliating against her for taking specified protected actions pursuant to 15 U.S.C. § 78u-6(h). *See* TAC, ¶ 100. Defendants, however, assert that the Plaintiff has not alleged that she has provided information to the Securities and Exchange Commission prior to her termination so she cannot state a claim pursuant to 15 U.S.C. § 78u-6(h). ECF No. 68-1 at p. 15.

 "The Dodd-Frank Act created a private cause of action in federal court for whistleblowers who believe that they have been retaliated against for taking specified protected actions." *Downey v. United States*, 816 F. App'x 625, 627–28 (3d Cir. 2020) (citations omitted). *See also* 15 U.S.C. § 78u–6(h)(1)(B)(i). "The Supreme Court has held that the anti-retaliation provision of the Dodd-Frank Act does not extend to an individual who has not reported a violation of the securities laws to the Securities and Exchange Commission." *Downey* 816 F. App'x at 627–28 (citing *Digital Realty Trust, Inc. v. Somers*, ⸺ U.S. ⸺, 138 S. Ct. 767, 772-73, 200 L.Ed.2d 15 (2018)).

The Court finds that Plaintiff fails to state a claim under the anti-retaliation provision of the Dodd-Frank Act because Plaintiff does not allege that she ever reported a violation of securities law to the Securities and Exchange Commission. In fact, Plaintiff makes no reference to the

---

[8] The Court notes that Plaintiff also attempts to assert claims pursuant to 29 U.S.C. § 2616. This provision does not provide a private cause of action under the FMLA and only applies to those parties vested with the investigative authority of the Secretary of Labor. Accordingly, any claims Plaintiff asserts pursuant to 29 U.S.C. § 2616 are also dismissed.

Securities and Exchange Commission at all. Accordingly, Plaintiff's claims under "Securities Laws" are dismissed.

### IV.    CONCLUSION AND ORDER

For the reasons set forth above;

**IT IS** on this **14th** day of **December**, **2020**

**ORDERED** that Plaintiff's Motion "Preliminary or Alternatively Temporary Injunction" to compel arbitration of Plaintiff's claims before FINRA [ECF No. 64] is **DENIED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss the Third Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) [ECF No. 68] is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Third Amended Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** Plaintiff may file a Fourth Amended Complaint within **thirty (30) days** addressing the deficiencies noted above as to her claims. If Plaintiff does not do so, her case will be dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by certified mail.

                             <u>   s/ James B. Clark, III</u>
                             **JAMES B. CLARK, III**
                             **United States Magistrate Judge**